### FACHRI v. MAGONE.

#### (Circuit Court, S. D. New York. November 22, 1892.)

CUSTOMS DUTIES—ALLOWANCE OF TARE—JUTE IN BALES.

Under section 2898, Rev. St. U. S., which provides that "actual tare shall be allowed," an allowance must be made, in estimating the duty on jute in bales, for the weight of jute tie ropes with which the bales are bound up; it appearing that between buyer and seller these ropes are regarded as tare, and are never charged for, a deduction equal to their weight being made from the total weight of the bale, and only the net weight being billed.

At Law. Action to recover duties paid. Verdict directed for plaintiff.

Plaintiff imported at the port of New York, in 1886 and 1887, certain bales of jute secured by tie bands or ropes, also of jute, but so tangled, knotted, and broken as to be worthless except for paper stock. The bales were invoiced at prices per bale of 400 pounds; and the United States weigher reported to the collector of customs their gross weight only, omitting to report the weight of the tie bands and the net weight of jute in each bale. Duty was assessed by the defendant, as collector of customs, at 20 per cent. ad valorem on the value stated in the invoices, under the provision for "jute" contained in paragraph 333, Schedule J, Heyl, (Act March 3, 1883; 22 St. at Large, p. 507;) and the importer, having duly protested and appealed, as required by law, brought this action to recover the same percentage of the duty exacted which the weight of the tie bands represented of the total weight of the bales. The importer cited Rev. St. § 2898, which provides that in certain cases invoice tare, or an agreed tare, may be allowed, and then that "in all other cases the actual tare should be allowed." Upon the trial evidence was given, and not contradicted, that the tie bands weighed, invariably, six pounds per bale of jute; that they were useless except as paper stock,—for which the tariff act then in force provided free entry, (paragraph 754, Heyl;) that they were regarded by all weighers as "tare," and also by dealers in jute, who, selling it by the pound, always made an allowance of six pounds from the total weight of each bale, and charged only for the remainder.

Defendant's counsel then moved for a direction of verdict for defendant, and plaintiff's counsel made a similar motion in his behalf.

Comstock & Brown, for plaintiff.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (orally.) I direct a verdict for the plaintiff for the amount of duty exacted on these tie bands.